UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CRAGO, | No. 2:25-cv-00086-DC-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO COUNTY TOWING ENFORCEMENT SUPERVISOR, et. al., | |
| Defendants. | |

Plaintiff, proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees). Plaintiff's application makes the showing required by 28 U.S.C. § 1915 so her motion to proceed in forma pauperis will be granted.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

1  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
2  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
3  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
4  court accepts as true the factual allegations contained in the complaint, unless they are clearly
5  baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
6  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
7  954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

8  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines
9  v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory
10 allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council
11 v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of
12 action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57
13 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

14 To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
15 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
16 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
17 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se
18 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend
19 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
20 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v.
21 Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

22 **II.    Plaintiff's Allegations**

23 Plaintiff's truck and RV were towed after Sacramento County Sheriff's Department
24 deputies were called to the Napa Auto Parts store for a trespassing complaint. (ECF No. 1 at 13.)
25 This happened despite the store clerk confirming that plaintiff had been in the store and made a
26 purchase. (Id. at 14.)  Unnamed deputies informed plaintiff that the vehicles were being towed
27 because plaintiff was not licensed and had no insurance. (Id.)  The vehicles were towed to
28 different tow yards which caused "excessive fines." (Id. at 20.)

Plaintiff alleges a violation of her federal civil rights. (ECF No.1 at 4.) The defendants named in the complaint are Sacramento County Towing Enforcement Supervisor, Sacramento County Towing Enforcement Clerk, Sal Mendoza, College Oak Towing Driver and Clerk, Internal Affairs, Lien Machine Inc., Curtis Waters Sacramento County Sheriff, Sacramento County Sheriff Officer #2, Napa Auto Parts Store Clerk, and Napa Auto Parts Corporate Office. Id. at 9-12.

### III.     The complaint fails to state a claim.

To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The court considers below whether plaintiff has alleged an unreasonable seizure under the Fourth Amendment, a violation of Excessive Fines Clause of the Eighth Amendment, or a Due Process violation to meet the essential elements for a claim under the Civil Rights Act.

#### A.     Fourth Amendment

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). The impoundment of plaintiff's vehicle was a seizure within the meaning of the Fourth Amendment.

Police officers are permitted to impound vehicles pursuant to the community caretaker exception to the Fourth Amendment. South Dakota v. Opperman, 428 U.S. 364, 368 (1976). Whether a vehicle may be impounded under the community caretaking doctrine "depends on the location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." United States v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008); Hallstrom v. Garden City, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (upholding the towing of a car from a public parking lot following the driver's arrest pursuant to the community caretaking exception of the warrant requirement).

Here, plaintiff alleges the impoundment occurred after she was falsely accused of trespassing, based on her suspended registration and driver's license. (ECF No. 1 at 14.) Plaintiff avers that because she was not trespassing there was no basis for impoundment. (Id. at 18.) "The reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative 'less intrusive' means." Colorado v. Bertine, 479 U.S. 367, 373 (1987) (quoting Illinois v. Lafayette, 462 U.S. 640, 647 (1983)). This means that police have no Fourth Amendment obligation to offer a driver an opportunity to avoid impoundment. Bertine, 479 U.S. at 373 (rejecting argument that the Fourth Amendment required police to give opportunity to make other arrangements).

The allegations in the complaint do not state a claim for a violation of plaintiff's rights under the Fourth Amendment. The complaint does not describe any circumstances suggesting impoundment was inconsistent with the community caretaking function in this instance. Plaintiff has not pleaded any facts that plausibly suggest the seizure was unreasonable. Under Opperman, "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." 428 U.S. at 369; see also Hallstrom, 991 F.2d at 1478 n.4.

**B.    Excessive Fines**

In addition to the impoundment of the vehicle, plaintiff challenges costs associated with the towing of her vehicles. The excessive-fines clause of the Eighth Amendment "limits the government's power to extract payments, whether in cash or kind, as punishment." United States v. Bajakajian, 524 U.S. 321, 328, (1998) (quoting Austin v. United States, 509 U.S. 602, 609–10 (1993)). However, a private towing-company charge is not a constitutionally actionable fine. Andreaccio v. Weaver, 674 F.Supp.3d 1011, 1023 (D. Nev. 2023).

**C.    Due Process**

Plaintiff also claims that she was deprived of constitutional due process when she was "never allowed to present evidence" at "the tow hearing." (ECF No. 1 at 22.) The Fifth Amendment "prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several

states." Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). Due-process claims can be sorted into two types: (1) those brought under the substantive component of the due-process clause, which "bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them[,]' " and (2) those brought under the procedural component of the due-process clause, which prohibits deprivations of life, liberty, or property without fair procedure. Zinermon v. Burch, 494 U.S. 113, 125 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Although not directly stated, plaintiff seems to suggest a procedural due process claim. To prevail on this claim, plaintiff must prove that she was denied a specified liberty or property interest protected under the due-process clause and that she was deprived of that interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219, (2011).

In this case, however, plaintiff is challenging the procedures of the towing companies. As the towing companies are private companies, plaintiff's claims regarding her due process rights must fail.

### IV.   Conclusion and Order

The complaint fails to state a claim for a violation of plaintiff's federal civil rights and must be dismissed. Plaintiff is granted leave to file an amended complaint within the time frame set forth below. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); Fed. R. Civ. P. 15(a) (Leave to amend should be "freely given when justice so requires.").

If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. If plaintiff elects to file an amended complaint, the complaint should allege in specific terms how each named defendant is involved in the alleged violations.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim;
3. Plaintiff is granted thirty (30) days from the date of service of this order to file an

1  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure
2  and the Local Rules of Practice; the amended complaint must bear the docket number assigned
3  this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file
4  an amended complaint or otherwise respond to this order will result in a recommendation that this
5  action be dismissed.

Dated: March 28, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD25-cv-00086.scrn