UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY CRAGO, | No. 2:25-cv-00086-DC-CKD PS |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATION |
| SACRAMENTO COUNTY TOWING ENFORCEMENT SUPERVISOR, et. al., | |
| Defendants. | |

Plaintiff Mary Crago proceeds without counsel in this action.[1] On March 28, 2025, the Court issued an order dismissing plaintiff's complaint with leave to amend and granting plaintiff thirty (30) days to file an amended complaint. (ECF No. 6.) Plaintiff filed a first amended complaint ("FAC") on May 29, 2025, which is now before the Court for screening. (ECF No. 9.) Plaintiff's FAC fails to state a claim. For the reasons set forth below, the FAC should be dismissed without leave to amend.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

---

[1] Actions in which a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

1    claim on which relief may be granted," or "seeks monetary relief against a defendant who is
2    immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
3    (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4    Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
5    court accepts as true the factual allegations contained in the complaint, unless they are clearly
6    baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
7    See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
8    954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

9         Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines
10   v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory
11   allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council
12   v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of
13   action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57
14   (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

15        To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
16   state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
17   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
18   inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se
19   litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend
20   unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
21   F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v.
22   Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

23       **II.**    **Plaintiff's Allegations**

24        Plaintiff alleges the Sacramento Sheriff towed her truck and RV from Napa Auto Parts.
25   (ECF No. 9 at 29.) Plaintiff states she was shopping in the store and the Napa Auto Parts
26   employee did not ask her to leave. (Id. at 30.) Plaintiff states she was not trespassing. (Id. at 29.)
27   She states she had a valid registration card and was willing to leave the store, and also states that
28   her license was expired. (Id.) The vehicles were towed to two different tow yards which caused

1  "excessive fines." (Id. at 29-30.) Plaintiff also alleges that "internal affairs" failed to investigate a
2  citizen's complaint she sent by email. (Id. at 28.)

3        Plaintiff alleges a violation of her federal civil rights. (Id. at 4.) The defendants named in
4  the complaint are Internal Affairs; Sacramento Sheriffs; Sacramento Towing Enforcement; Super
5  Tow; Super Tow's general liability insurance company; College Oak Tow; College Oak Tow's
6  general liability insurance company; Napa Auto Parts; and Napa Auto Parts general liability
7  insurance company. (Id. at 19-20.)

8      **III.**    **The FAC fails to state a claim.**

9        The FAC still does not contain a short and plain statement of a claim as required by
10  Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on
11  which they rest, a plaintiff must allege with at least some degree of particularity overt acts by
12  specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir.
13  1996). To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two
14  essential elements: (1) that a right secured by the Constitution or laws of the United States was
15  violated, and (2) that the alleged violation was committed by a person acting under the color of
16  state law. West v. Atkins, 487 U.S. 42, 48 (1988). The court considers below whether plaintiff has
17  alleged an unreasonable seizure under the Fourth Amendment, a violation of Excessive Fines
18  Clause of the Eighth Amendment, or a Due Process violation to meet the essential elements for a
19  claim under the Civil Rights Act.

20      **A.**    **Fourth Amendment**

21        The Fourth Amendment protects the "right of people to be secure in their persons, houses,
22  papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. A
23  seizure of property occurs when there is some meaningful interference with an individual's
24  possessory interests in that property. Soldal v. Cook County, Ill., 506 U.S. 56, 61 (1992). The
25  impoundment of plaintiff's vehicle was a seizure within the meaning of the Fourth Amendment.

26        Police officers are permitted to impound vehicles pursuant to the community caretaker
27  exception to the Fourth Amendment. South Dakota v. Opperman, 428 U.S. 364, 368 (1976).
28  Whether a vehicle may be impounded under the community caretaking doctrine "depends on the

location of the vehicle and the police officer's duty to prevent it from creating a hazard to other drivers or from being a target for vandalism or theft." United States v. Caseres, 533 F.3d 1064, 1075 (9th Cir. 2008); Hallstrom v. Garden City, 991 F.2d 1473, 1477 n.4 (9th Cir. 1993) (upholding the towing of a car from a public parking lot following the driver's arrest pursuant to the community caretaking exception of the warrant requirement).

Here, plaintiff alleges her vehicle was improperly towed from Napa Auto Parts by the Sacramento Sheriff. (ECF No. 9 at 29.) Plaintiff states she was not arrested, did not get a ticket, and was not trespassing. (Id.) Plaintiff also states that her driver's license was expired. (Id.) Plaintiff avers that because she was not trespassing and she had current "tags" on her truck and a valid registration card there was no basis for impoundment. (Id.) "The reasonableness of any particular governmental activity does not necessarily or invariably turn on the existence of alternative 'less intrusive' means." Colorado v. Bertine, 479 U.S. 367, 373 (1987) (quoting Illinois v. Lafayette, 462 U.S. 640, 647 (1983)). This means that police have no Fourth Amendment obligation to offer a driver an opportunity to avoid impoundment. Bertine, 479 U.S. at 373 (rejecting argument that the Fourth Amendment required police to give opportunity to make other arrangements).

The allegations in the FAC still do not state a claim for a violation of plaintiff's rights under the Fourth Amendment. The FAC does not describe any circumstances suggesting impoundment was inconsistent with the community caretaking function in this instance. Plaintiff has not pleaded any facts that plausibly suggest the seizure was unreasonable. Under Opperman, "[t]he authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." 428 U.S. at 369; see also Hallstrom, 991 F.2d at 1478 n.4. Accordingly, plaintiff fails to state a claim under the Fourth Amendment.

**B.    Excessive Fines**

In addition to the impoundment of the vehicle, plaintiff challenges costs associated with the towing of her vehicles. (See ECF No. 9 at 29-30.) The excessive-fines clause of the Eighth Amendment "limits the government's power to extract payments, whether in cash or kind, 'as

punishment[.]'" United States v. Bajakajian, 524 U.S. 321, 328, (1998) (quoting Austin v. United States, 509 U.S. 602, 609-10 (1993)). However, a private towing-company charge is not a constitutionally actionable fine. Andreaccio v. Weaver, 674 F. Supp. 3d 1011, 1023 (D. Nev. 2023). Accordingly, plaintiff fails to state a claim under the Eighth Amendment.

### C. Due Process

Plaintiff claims that "internal affairs" violated her constitutional due process rights by failing to investigate a citizen's complaint she sent by email. (ECF No. 9 at 28.) Plaintiff does not clarify what "internal affairs" is, however the address she provides is the same as the Sacramento Sheriff's Department address. (Id. at 19.) Therefore, the Court interprets plaintiff's claims as being brought against the internal affairs department of the Sacramento County Sheriff. The Fifth Amendment "prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several states." Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). Due-process claims can be sorted into two types: (1) those brought under the substantive component of the due-process clause, which "bars certain arbitrary, wrongful government actions, 'regardless of the fairness of the procedures used to implement them[,]' " and (2) those brought under the procedural component of the due-process clause, which prohibits deprivations of life, liberty, or property without fair procedure. Zinermon v. Burch, 494 U.S. 113, 125 (1990) (quoting Daniels v. Williams, 474 U.S. 327, 331 (1986)). Although not directly stated, plaintiff seems to suggest a procedural due process claim. To prevail on this claim, plaintiff must prove that she was denied a specified liberty or property interest protected under the due-process clause and that she was deprived of that interest without the constitutionally required procedures. Swarthout v. Cooke, 562 U.S. 216, 219 (2011); United States v. 101 Houseco, LLC, 22 F.4th 843, 851 (9th Cir. 2022).

Here, plaintiff is challenging the Sacramento County Sheriff's internal affairs department's refusal to investigate a citizen's complaint she filed. However, "unless there was another recognized constitutional right involved" inadequate investigation is not sufficient to state a civil rights claim. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); see Fink v. Ohannessian, 2023 WL 4680782, at *9 (C.D. Cal. Apr. 27, 2023). Plaintiff alleges that failure to

investigate allowed the Sacramento County Sheriff to violate her rights by performing an illegal search and seizure and allowed her to be charged excessive fines. (ECF No. 9 at 28.) However, based on plaintiff's allegations, it appears the citizen's complaint would have been filed after the alleged seizure of her vehicle and charge of fines. Further, plaintiff has not sufficiently alleged that she was deprived of a constitutionally protected property interest. See 101 Houseco, 22 F.4th at 851. Plaintiff alleges that she did not have a valid driver's license and her vehicles were towed. Accordingly, plaintiff has failed to state a claim under the due process clause.

### IV. Conclusion and Order

Plaintiff was given an opportunity to amend his complaint, and the FAC did not overcome the deficiencies outlined in the Court's first screening order. (See ECF No. 6.) For the reasons set forth above, it is apparent that amendment would be futile and leave to amend is not appropriate. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court need not allow futile amendments). Accordingly, the FAC should be dismissed without leave to amend.

In accordance with the above, IT IS RECOMMENDED:

1. Plaintiff's First Amended Complaint (ECF No. 9) be DISMISSED without leave to amend; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 20, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, crag.0086.25